RECEIVED
IN MONROE, LA
JUN 8 - 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SYLVESTER GRIFFIN | CRIMINAL NO. 06-1589 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JPMORGAN CHASE & CO., ET AL. | MAG. JUDGE MARK L. HORNSBY |

MEMORANDUM RULING

Before the Court is Plaintiff Sylvester Griffin's ("Griffin") appeal [Doc. No. 29] of Magistrate Judge Mark L. Hornsby's Memorandum Ruling [Doc. No. 28] denying Griffin's motion to amend complaint [Doc. No. 24]. Defendants filed a response [Doc. No. 31].

For the following reasons, Magistrate Judge Hornsby's Memorandum Ruling is AFFIRMED, and Griffin's appeal is DISMISSED.

I. LAW AND ANALYSIS

A. Standard of Review

A party may file objections to a non-dispositive order of the Magistrate Judge within ten (10) days. Fed. R. Civ. P 72(a). The District Judge shall modify or set aside the Magistrate Judge's order only where it is shown to be "clearly erroneous or contrary to law." Id. Griffin filed a timely appeal of Magistrate Judge Hornsby's Memorandum Ruling. Accordingly, this appeal is governed by Rule 72(a).

B. Motion to Amend Complaint

Griffin appeals Magistrate Judge Hornsby's Memorandum Ruling denying his motion to amend complaint. In his initial complaint, Griffin claims that Defendants, predecessor and current

1

trustees, breached their fiduciary duties by failing to disburse funds and/or dissolve the trust created by Griffin's mother for his benefit. [Doc. No. 1]. Griffin now seeks to add claims based on a Securities and Exchange Commission investigation of several Defendants for illegal kickbacks, insider trading, and other financial misdeeds. [Doc. No. 24-4].

Under Federal Rule of Civil Procedure 15(a), "a party may amend the party's pleading only by leave of court" and "leave to amend shall be freely given when justice so requires." Engstrom v. First Nat'l Bank, 47 F.3d 1459, 1464 (5th Cir. 1995) (quoting Fed. R. Civ. P. 15(a)). "The decision to grant or deny a motion to amend is entrusted to the sound discretion of the district court." Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994) (citing references omitted). However, "the district court's discretion does not permit denial of a motion to amend unless there is a substantial reason to do so" such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of the amendment. Id.; see also In re Southmark Corp., 88 F.3d 311, 314-15 (5th Cir. 1996).

Magistrate Judge Hornsby concluded that leave to amend should be denied in spite of the liberal policy in favor of permitting amended pleadings. He reasoned that none of the proposed amendments involved or affected Griffin's trust. Therefore, Griffin failed to allege how he was harmed or articulate how these allegations gave rise to a cause of action in his favor.

Griffin responds that he has stated a legal basis for a "fraudulent breach of fiduciary duty" claim by alleging that "his trustee [was] taking kickbacks from funds where Plaintiff's monies. . . were invested." [Doc. No. 29, p. 6].

The Court agrees with Magistrate Judge Hornsby that Griffin's proposed amendments fail to state

2

a claim upon which relief may be granted. See Jamieson v. Shaw, 772 F.2d 1205, 1211 (5th Cir. 1985) (Leave to amend may be denied when the proposed amendment fails to state a valid cause of action.). For example, as Magistrate Judge Hornsby noted, only one proposed amendment specifically mentions Griffin's trust. In paragraph 38, Griffin alleges that his trust funds were invested in mutual fund companies receiving illegal kickbacks from a company named BISYS. [Doc. No. 24-4, ¶ 38]. Apparently, BISYS charged fund shareholders for administrative work and then rebated a portion of that money to the mutual fund advisers; however, the fund advisers improperly used those rebates to cover their marketing expenses instead of paying with their own money. [Doc. No. 19, Exh. A, p. 1]. Even if the Court accepted Griffin's allegations as true, the investment of his trust funds was wholly unrelated to the kickback scheme. Griffin cannot show that he was defrauded by this scheme or that it resulted in the fraudulent mismanagement of his trust. See Fed. R. Civ. P. 9(b) (At a minimum, a claim for fraud must identify the resulting injury.); La. R.S. 9:2081-2097 (trustee duties and breach defined).

Accordingly, the Court finds that leave to amend was properly denied.

## III. CONCLUSION

For the following reasons, Magistrate Judge Hornsby's Memorandum Ruling [Doc. No. 28] is AFFIRMED, and Griffin's appeal [Doc. No. 29] is DISMISSED.

MONROE, LOUISIANA this 8 day of June, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

3