RECEIVED
IN MONROE, LA

AUG 2 4 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SYLVESTER GRIFFIN | CIVIL NO. 06-1589 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JPMORGAN CHASE & CO., ET AL. | MAG. JUDGE MARK L. HORNSBY |

MEMORANDUM RULING

This case arises out of a dispute surrounding the refusal of Defendants, predecessor and current trustees, to revoke a trust created by Eolyn Griffin ("Mrs. Griffin"), Plaintiff's mother. Plaintiff brought suit against Defendants for violating their fiduciary duties as trustees [Doc. No. 1]. Pending before the Court is a Motion for Summary Judgment [Doc. No. 38] filed by Defendants JPMorgan Chase & Co.; Drew C. Detraz; Charlotte Ray; Bank One Trust Co., N.A.; and JPMorgan Chase Bank, N.A., on their counter-claim [Doc. No. 18] against Plaintiff Sylvester Griffin. Defendants claim that the Eolyn Griffin Trust ("Trust") is irrevocable and, therefore, Plaintiff is not entitled to any damages incurred as a result of Defendants' refusal to revoke the trust. Plaintiff filed a Memorandum in Opposition [Doc. No. 40] and responds that declaring the Trust irrevocable would defeat the purpose of the Trust.

For the following reasons, Defendants' Motion for Summary Judgment as to whether the Trust is irrevocable is DENIED, and summary judgment is sua sponte GRANTED in favor of Plaintiff on this issue.

I.     FACTS AND PROCEDURAL HISTORY

On December 15, 1989, Mrs. Griffin and Plaintiff met with Busby, an employee in Central

Bank's trust department, to form a trust. Mrs. Griffin, as creator and settlor[1], executed a Revocable Trust Agreement ("Agreement"). [Doc. No. 11-2]. The Agreement established the Trust and designated Central Bank as Trustee. [Doc. No. 11-2, p. 1]. Through various mergers and asset transfers, the current trustee is Defendant JPMorgan Chase Bank, N.A.

During her lifetime, Mrs. Griffin was the sole beneficiary of the Trust and reserved the right to "revoke [the] trust in its entirety." See [Doc. No. 11-2, Articles I & XIII, § F].

In 1991, Mrs. Griffin passed away. Upon her death, Plaintiff and Sylvester Griffin, Jr., Plaintiff's son and Mrs. Griffin's grandson, became beneficiaries of the Trust. See [Doc. No. 11-2, Article III]. The Agreement directs the Trustee to provide income to the beneficiaries as well as any amounts deemed necessary for the support, maintenance, and health of the beneficiaries. See [Doc. No. 11-2, Article III, § A-B]. Plaintiff was also delegated the right to revoke the trust during his lifetime. See [Doc. No. 11-2, Article III].

On August 25, 2006, Plaintiff filed a claim against Defendants in the State of Louisiana, Parish of Ouachita, Fourth Judicial District Court [Doc. No. 1]. In his Complaint, Plaintiff seeks to revoke the Trust, receive all Trust assets, and to recover damages sustained as a result of Defendants' refusal to revoke the Trust.

On September 15, 2006, Defendants removed the case to this Court asserting diversity jurisdiction. [Doc. No. 2].

On December 5, 2006, Defendants filed their Answer and denied a majority of Plaintiff's allegations. [Doc. No. 9].

On January 24, 2007, Defendants filed a Counterclaim against Plaintiff [Doc. No. 18].

---

[1] A trust is created by a "settlor."

2

On April 13, 2007, Plaintiff filed an Answer to Counterclaim of Defendant [Doc. No. 26].

On July 10, 2007, Defendants filed this Motion for Summary Judgment [Doc. No. 38].

On July 30, 2007, Plaintiff filed a Memorandum in Opposition [Doc. No. 40].

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard of Review

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. Topalian v. Ehrmann, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. Id.

If the moving party can meet its initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. Norman v. Apache Corp., 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255.

### B. Whether the Trust is Revocable

Defendants claim that the Trust became irrevocable upon Mrs. Griffin's death.

3

When the Trust was created, Defendants contend that Louisiana law did not permit the settlor to delegate the right to revoke; therefore, the provision of the trust purporting to allow Plaintiff to revoke the trust is invalid. See La. Rev. Stat. § 9:2045 (1965). Defendants also contend that the invalid provision can be severed without defeating the purpose of the trust. See La. Rev. Stat. § 9:2251 (2007). Defendants admit "that the intent of Eolyn Griffin is unknown to the defendants except as expressed in the actual trust instrument she executed." [Doc. No. 9, ¶ XIII]. However, Defendants argue that the terms of the Agreement, the best evidence of Mrs. Griffin's intent, show that the purpose of the Trust was to provide for the support and maintenance of the beneficiaries, which can be effectuated if the Trust is rendered irrevocable. See [Doc. No. 11-2, Article III].

Plaintiff admits that the disputed provision is invalid[2], but responds that rendering the Trust irrevocable would defeat his mother's express purpose in creating the Trust. Plaintiff avers that "[my mother] regarded the money as essentially mine," and "[t]he ability for [my mother] and (at her demise) me to terminate the Trust was the all-important feature, without which we would never have given the money to the Defendant, in the first place." [Doc. No. 40-1]. To further her intent, Mrs. Griffin expressly delegated Plaintiff the right to revoke the Trust following her death.[3]

---

[2]Plaintiff failed to deny Defendants' allegation that "[t]he Trust instrument improperly purports to delegate the right to revoke the Trust to an individual other than the settlor in contravention of the law applicable to the Trust." [Doc. No. 18, ¶ 8].

[3]The Agreement provides that "this trust shall remain revocable during Sylvester Griffin's lifetime, and he shall have the same powers available to the Creator enumerated in Article XIII of this trust which can be exercised to the absolute detriment and exclusion of Sylvester Griffin, Jr." See [Doc. No. 11-2, Article III]. Article XIII of the Agreement reserves the right to "revoke this trust in its entirety by an instrument in writing filed with the Trustee." See [Doc. No. 11-2, Article XIII, § F]. Article XIII further states that "[u]pon the death of the Creator's son, Sylvester

4

When the Trust was created in 1991, Louisiana law provided that "[t]he right to revoke cannot be delegated by the settlor to another person." La. Rev. Stat. § 9:2045 (1965). Although § 9:2045 was amended in 2001 and now permits delegation, the amendment was specifically made inapplicable to "a transfer in trust made prior to the effective date of this Act," August 15, 2001. See La. Rev. Stat. § 9:2045 (2007); 2001 La. Acts, No. 594, 2. Therefore, the Court finds that the provision of the Trust delegating the right to revoke is invalid as a matter of law. However, this determination does not end the Court's inquiry.

In Louisiana, "[i]f a provision in the trust instrument is invalid for any reason, the intended trust does not fail, unless the invalid provision cannot be separated from the other provisions without defeating the purpose of the trust." La. Rev. Stat. § 9:2251 (2007). Courts have looked to the terms of the trust instrument to ascertain the settlor's intent or purpose in creating the trust. See, e.g., Succession of McLean, 580 So. 2d 935, 940 (La. App. 2d Cir. 1991).

Several portions of the Agreement purport to vest Plaintiff with the right to revoke to the detriment of other beneficiaries. See [Doc. No. 11-2, Articles III]. However, Article III of the Agreement limits Plaintiff's control over the Trust by vesting the Trustee with the discretion to make disbursements. See [Doc. No. 11-2, Article III]. Because the Agreement evidences competing purposes, the terms of the Agreement are ambiguous, and the Court may consider extrinsic evidence of Mrs. Griffin's intent. See In re Mashburn Marital Trusts, 2006-0741 (La. App. 1st Cir. 12/28/06); 951 So. 2d 1136, 1144 ("Parol or extrinsic evidence may be admitted to aid in construing the trust instrument only if the instrument is ambiguous and uncertain and only to explain, not contradict the instrument.") (citing reference omitted).

---

Griffin, this trust shall become irrevocable. . . ." See [Doc. No. 11-2, Article XIII, § F].

5

Plaintiff has offered uncontroverted evidence that the most important feature of the Trust to his mother was his ability to revoke the trust following her death. Mrs. Griffin's overriding purpose is also evidenced by her decision to vest Plaintiff with the right to revoke the Trust in several portions of the Agreement. See [Doc. No. 11-2, Articles III & XIII]. The Court finds that severing the invalid portions and rendering the Trust irrevocable would undeniably defeat Mrs. Griffin's purpose in creating the Trust. See La. Rev. Stat. § 9:2251 (2007).

Therefore, Defendants' Motion for Summary Judgment as to whether the Trust is irrevocable is DENIED. Because the Court finds that the invalid provisions cannot be severed, the Trust fails as a matter of law. See id. Having found no genuine issue of material fact, the Court sua sponte grants summary judgment in favor of Plaintiff on this issue.[4]

### III. CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [Doc. No. 38] filed by Defendants JPMorgan Chase & Co.; Drew C. Detraz; Charlotte Ray; Bank One Trust Co., N.A.; and JPMorgan Chase Bank, N.A. as to whether the Trust is irrevocable is DENIED, and summary judgment is sua sponte GRANTED in favor of Plaintiff Sylvester Griffin on this issue.

MONROE, LOUISIANA, this 24th day of August, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[4] The Court may sua sponte grant summary judgment provided that the adversely affected party is provided with notice and an opportunity to respond. See Wachtler v. County of Herkimer, 35 F.3d 77, 82 (5th Cir. 1994) (citing references omitted). Because Defendant has had an adequate opportunity on summary judgment to address this issue, the Court finds that time for additional briefing is unnecessary.