RECEIVED
IN MONROE, LA
NOV 0 8 2007
BC
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SYLVESTER GRIFFIN | CIVIL NO. 06-1589 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JPMORGAN CHASE & CO., ET AL. | MAG. JUDGE MARK L. HORNSBY |

### MEMORANDUM RULING

On August 24, 2007, the Court denied Chase's Motion for Summary Judgment and <u>sua sponte</u> granted summary judgment for the Plaintiff Sylvester Griffin ("Plaintiff"). [Doc. No. 43]. Pending before the Court is a Rule 59(e) Motion for Reconsideration or, in the Alternative, For Clarification [Doc. No. 48] ("Motion to Reconsider") filed by Defendants JPMorgan Chase & Co.; Drew C. Detraz; Charlotte Ray; Bank One Trust Co., N.A.; and JPMorgan Chase Bank, N.A (collectively "Chase").[1]

The issue raised in the Motion to Reconsider is whether the Court, by <u>sua sponte</u> granting summary judgment for Plaintiff, denied Chase notice and an opportunity to be heard.[2] For the following reasons, Chase's Motion to Reconsider is GRANTED, and the Court's <u>sua sponte</u> judgment in favor of Plaintiff is VACATED.

---

[1]Defendant Walter E. Busby did not join Defendants' Motion.

[2]Chase has not moved the Court to reconsider its decision to deny Chase's motion for summary judgment; Chase has only moved the Court to reconsider its decision to <u>sua sponte</u> grant summary judgment in favor of Plaintiff.

1

I.  **FACTS AND PROCEDURAL HISTORY**

This case arises from a dispute over Chase's refusal to revoke a trust created by Eolyn Griffin ("Mrs. Griffin"), Plaintiff's mother.

On December 15, 1989, Mrs. Griffin and Plaintiff met with Defendant Walter E. Busby, an employee in Central Bank's trust department, to form a trust. Mrs. Griffin, as creator and settlor[3], executed a Revocable Trust Agreement ("Agreement"). [Doc. No. 11-2]. The Agreement established the Eolyn Griffin Trust ("Trust") and designated Central Bank as Trustee. Through various mergers and asset transfers, the current trustee is Defendant Chase.

During her lifetime, Mrs. Griffin was the sole beneficiary of the Trust and reserved the right to "revoke [the] trust in its entirety." See [Doc. No. 11-2, Articles I & XIII].

In 1991, Mrs. Griffin passed away. Upon her death, Plaintiff and Mrs. Griffin's grandson, Sylvester Griffin, Jr., became beneficiaries of the Trust. See [Doc. No. 11-2, Article III]. The Agreement directs the Trustee to provide income to the beneficiaries as well as any amounts deemed necessary for the support, maintenance, and health of the beneficiaries. See [Doc. No. 11-2, Article II]. The Trust also purports to delegate Plaintiff the right to revoke the Trust. See [Doc. No. 11-2, Article III].

In its original Motion for Summary Judgment, Chase claimed that Louisiana law did not permit the settlor to delegate the right to revoke; therefore, the Trust provision purporting to allow Plaintiff to revoke the Trust was invalid as a matter of law. See La. Rev. Stat. § 9:2045 (1965).

Plaintiff admitted that the provision was invalid, but the parties disagreed on whether the provision could be severed without defeating the purpose of the Trust.

---

[3] A trust is created by a "settlor."

2

Plaintiff argued that the terms of the Agreement, the best evidence of Mrs. Griffin's intent, prove that Mrs. Griffin's overriding purpose was to vest Plaintiff with the right to revoke the Trust after her death. Also, Plaintiff presented an affidavit where he swore, "[my mother] regarded the money as essentially mine," and "[t]he ability for [my mother] and (at her demise) me to terminate the Trust was the all-important feature, without which we would never have given the money to the Defendant, in the first place." [Doc. No. 40-2]. Therefore, Plaintiff argued that severing the unlawful provision would invalidate the purpose of the Trust.

Chase, on the other hand, claimed that the invalid provision could be severed without defeating the purpose of the Trust. See La. Rev. Stat. 9:2251. Chase argued that the terms of the Agreement show that the purpose of the Trust is to provide for the support, maintenance, and health of the beneficiaries. See [Doc. No. 11-2, Article II]. Chase, unlike Plaintiff, did not present parol evidence to support its view of the purpose of the Trust; instead, Chase relied solely on the language in the Agreement.

According to the Court's ruling on Chase's Motion for Summary Judgment, the terms of the "Agreement evidence[] competing purposes . . . ." [Doc. No. 43 at 5]. Several parts of the Trust purport to vest Plaintiff with the right to revoke to the detriment of other beneficiaries. But Article III of the Agreement limits Plaintiff's control over the Trust by vesting the Trustee with the discretion to make disbursements.

Because the terms of the Agreement are ambiguous, the Court concluded that parol evidence was necessary to determine the purpose of the Trust. The Court then examined Plaintiff's affidavit, which was the only parol evidence presented to the Court, and found that this "uncontroverted evidence" and the terms of the Agreement prove that "the most important feature

3

of the Trust to [Plaintiff's] mother was [Plaintiff's] ability to revoke the [T]rust following her death." [Doc. No. 43 at 6]. Thus, the Court held that there was no genuine issue of material fact on the purpose of the Trust. The Court then concluded that the Trust failed as a matter of law because the invalid provision could not be severed without defeating the main purpose of the Trust. Finally, the Court denied Chase's Motion for Summary Judgment and sua sponte granted summary judgment in favor of Plaintiff.

Chase now moves the Court to reconsider its sua sponte decision, arguing that it was denied a full and fair opportunity to present parol evidence about the purpose of the Trust.

## II. LAW AND ANALYSIS

Chase argues that a district court cannot sua sponte grant summary judgment unless the losing party has been provided notice and ten days to come forward with evidence opposing summary judgment. See [Doc. No. 48] (citing Love v. Nat. Med. Enter., 230 F.3d 765, 770-71 (5th Cir. 2000)). Indeed, some circuits have held that this notice and opportunity requirement applies even when the sua sponte summary judgment is entered against a party who, itself, has moved for summary judgment. See Steven Baicker-McKee et. al., Federal Civil Rules Handbook 964 (2007)(citing Bridgeway Corp. v. Citibank, 201 F.3d 134, 139-40 (2d Cir. 2000)).

The Fifth Circuit, however, does not strictly follow this rule. In the Fifth Circuit, when one party moves for summary judgment, the district court, in an appropriate case, may grant summary judgment against the movant, even though the opposite party has not actually filed a cross-motion for summary judgment. See Landry v. G.B.A., 762 F.2d 462, 464 (5th Cir.1985) (citing 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2720)); see also U.S. Cellular Corp. v. City of Witchita Falls, Tx., No. 01-162, 2003 WL 21246125, *1-2 (N.D.

4

Tex. April 21, 2003). In fact, a district court may sua sponte grant summary judgment against the moving party as long as there is (1) no genuine issue of material fact and (2) the moving party had an opportunity to present all evidence of disputed issues of material fact. Exxon Corp. v. St. Paul Fire and Marine Ins. Co., 129 F.3d 781, 786 (5th Cir. 1997)(upholding a sua sponte motion for summary judgment because there was no genuine issue of material fact and moving party had "ample opportunity to present all evidence of disputed issues of material fact."); see also Caravan Refrigerated Cargo, Inc. v. Yaquinto, 864 F.2d 388, 393 (5th Cir. 1989), overruled on other grounds by Advance United Expressways, Inc. v. Eastman Kodak Co., 965 F.2d 1347, 1352 (5th Cir. 1992).

In its Motion to Reconsider, Chase argues that the Court, by sua sponte granting summary judgment, denied Chase an opportunity to present parol evidence about the purpose of the Trust.

First, Chase argues that it did not present parol evidence about the purpose of the Trust in its Motion for Summary Judgment because parol evidence was irrelevant to its motion. Specifically, Chase argued in its Motion for Summary Judgment that the text of the Agreement militated a conclusion that the Trust was irrevocable.

Second, Chase claims that it lacked notice that parol evidence would be considered by the Court when it ruled on Chase's motion. Although Plaintiff included parol evidence in its opposition to summary judgment, Chase thought that this parol evidence was irrelevant for interpreting the Agreement that Chase argued was unambiguous. Chase believed that the Court simply would have denied Chase's Motion for Summary Judgment if the Court found it necessary to consider parol evidence. If Chase knew that the Court was inclined to rely on parol evidence in

5

sua sponte granting summary judgment, Chase could have deposed Plaintiff, Mr. Busby,[4] and other interested parties.

Finally, Chase has not presented parol evidence in its Motion to Reconsider because the parties have agreed to put discovery on hold while Plaintiff appeals the Court's decision on another issue.[5]

After considering the Motion to Reconsider and Plaintiff's response, the Court finds that it denied Chase notice and an opportunity to present evidence when it sua sponte granted summary judgment in favor of Plaintiff.

### III. CONCLUSION

For the foregoing reasons, the Motion to Reconsider [Doc. No. 48] filed by Defendants JPMorgan Chase & Co.; Drew C. Detraz; Charlotte Ray; Bank One Trust Co., N.A.; and JPMorgan Chase Bank, N.A. is GRANTED, and the Court's August 24, 2007 sua sponte judgment in favor of Plaintiffs is hereby VACATED.

MONROE, LOUISIANA, this 8 day of November, 2007.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[4] Mr. Busby, the bank employee that assisted Mrs. Griffin in forming the Trust, is not represented by the same counsel as Chase.

[5] On June 8, 2007, this Court upheld Judge Hornsby's decision denying Plaintiff's motion for leave to amend its complaint. Plaintiff has since appealed that ruling. Shortly after the appeal was filed, the parties agreed to postpone discovery until the Fifth Circuit has ruled on Plaintiff's appeal. [Doc. No. 48, Exh. A].