UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SYLVESTER GRIFFIN | CIVIL ACTION NO. 06-cv-1589 |
| VERSUS | JUDGE JAMES |
| JPMORGAN CHASE & CO., ET AL | MAGISTRATE JUDGE HORNSBY |

**REPORT AND RECOMMENDATION**

The mother of Sylvester Griffin ("Plaintiff") established the Eolyn Griffin Trust and designated Central Bank as trustee. Through various mergers and asset transfers, the current trustee is defendant JPMorgan Chase & Co. ("Defendant"). Plaintiff's mother passed away in 1991, and Plaintiff and his son became beneficiaries of the trust.

Plaintiff filed suit and alleged that he was entitled, under the terms of the trust, to revoke the trust. He also alleged that Defendant and its predecessor banks had unjustly enriched themselves by charging various fees and had caused Plaintiff to suffer monetary losses, humiliation, mental anguish, and similar damages. Plaintiff prayed for the immediate return of all monies placed on account plus a fair rate of return, plus all damages arising from the other alleged injuries and inconveniences. Defendant removed the case and asserted a counterclaim that prayed for a declaration that the settlor's right to revoke the trust did not pass to Plaintiff at the time of the settlor's death so that Plaintiff did not have the right to revoke the trust.

Defendant filed a motion for summary judgment. The parties agreed in their briefs that Louisiana law does not permit the settlor to delegate the right to revoke, meaning the trust provision purporting to allow Plaintiff to revoke the trust is invalid. Judge James denied Defendant's motion and, after an opportunity for briefing, *sua sponte* granted summary judgment for Plaintiff on one of the principal issues in the litigation. The Court ruled that, in light of the other provisions of the trust and evidence of the settlor's intent, the right to revoke could not be severed without defeating the purpose of the trust. The court's ruling stated that it granted summary judgment in favor of Plaintiff "on this issue." Griffin v. JPMorgan Chase & Co., 2008 WL 678599 (W.D. La. 2008). A separate document titled "Judgment" was entered and reflected that, for the reasons set forth in the memorandum ruling, summary judgment was granted in favor of Plaintiff "on the issue of whether the Trust fails as a matter of law." Doc. 65. The document did not order any injunctive relief or include any order that Plaintiff be placed in possession of any funds.

A few months later, Plaintiff filed a Motion for Declaratory Judgment by Summary Proceeding (Doc. 78) that is now before the court. Plaintiff cites Judge James' prior decision, urges that the related "judgment is unappealed and final," and asks the court to immediately order Defendant to release to Plaintiff all money on deposit. Plaintiff urges that the remaining issues regarding damages should have nothing to do with immediately ordering the relief he now seeks.

Once a final judgment is entered by the court, Defendant may appeal it as permitted by F.R.A.P. 4, and it may seek a stay of the judgment pending appeal. <u>See</u> Fed. R. Civ. Proc. 62. If the appeal delays run or Defendant does not obtain a stay of the judgment pending appeal, Plaintiff may take proceedings to enforce the judgment 10 days after its entry. Fed. R. Civ. Proc. 62(a). The basic procedures for enforcing judgments are found in Fed. R. Civ. Proc. 69 and 70. A court may order interlocutory injunctive relief that is immediately effective and appealable, but no such relief has been ordered in this case.

Those provisions are not yet applicable, and Plaintiff may not yet enforce any aspect of the recent ruling, because there has not been a judgment entered in this case. A "judgment" as used in the Federal Rules of Civil Procedure includes a decree and any order from which an appeal lies. Fed. R. Civ. Proc. 54(a). When an action presents more than one claim for relief, such as the claims in this case, the court *may* direct entry of a final judgment as to fewer than all claims, but only if the court expressly determines that there is no just reason for delay. "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. Proc. 54(b).

The prior ruling, even though commemorated in a document titled "Judgment," simply adjudicated one legal issue urged by Plaintiff. "In a lawsuit which contains multiple claims

and/or multiple parties, a final judgment exists only if it meets one of two conditions: The judgment must either adjudicate all claims, rights, and liabilities of all parties or the district court must expressly conclude that no just reason exists for delaying the entry of final judgment and must expressly order the entry of that judgment pursuant to Rule 54(b)." Bader v. Atlantic Intern., Ltd., 986 F.2d 912, 915 (5th Cir. 1993). There was no Rule 54(b) certification, and claims remain to be adjudicated in this civil action, which remains set for trial in a few months. The ruling is not "final" and will not be subject to appeal until all remaining claims have been resolved.

The order on which Plaintiff seeks relief, even though designated a judgment, is not a true judgment and is not subject to enforcement or execution at this time. Wright, Miller & Kane, 10 Federal Practice & Procedure Civil 3d § 2651 ("Even though denominated a 'judgment,' a nonappealable partial or interlocutory summary judgment under Rule 56 does not qualify as a judgment under Rule 54(a)."). As a matter of fact, the decision could be revised at any time before an actual judgment is entered. Plaintiff, at this time, is merely a beneficiary of an interlocutory ruling or order on an issue of law. Under these circumstances, Plaintiff is not entitled to any immediate relief with respect to his motion for declaratory relief.

Accordingly;

**IT IS RECOMMENDED** that the Motion for Declaratory Judgment by Summary Proceeding (Doc. 78) be **denied**.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of September, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE