U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 16 2009

ROBERT H. SHEMWELL, CLERK
BY _____
            DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| SYLVESTER GRIFFIN | CIVIL ACTION NO. 06-1589 |
| VERSUS | JUDGE ROBERT G. JAMES |
| JPMORGAN CHASE & CO., ET AL. | MAG. JUDGE MARK L. HORNSBY |

## RULING

Pending before the Court is a Motion for Reconsideration [Doc. No. 129] filed by Defendants Charlotte Ray, Drew C. Detraz, Walter E. Busby, JPMorgan Chase Bank N.A., JP Morgan Chase & Co., and Bank One Trust Co., N.A. Defendants seek reconsideration of the Court's Ruling and Judgment [Doc. Nos. 64 & 65] that the Eolyn Griffin Trust ("Trust") is void because the provision delegating the right to revoke cannot be severed without defeating the purpose of the Trust. Plaintiff Sylvester Griffin ("Griffin") does not oppose the Motion. [Doc. No. 131].

For the following reasons, the Motion is GRANTED, and the Court's Ruling and Judgment [Doc. Nos. 64 & 65] are VACATED, except as specifically indicated in this Ruling.

## I. FACTUAL BACKGROUND

The Court incorporates by reference the statement of facts recited in its previous rulings and briefly reviews the facts pertinent to the pending motion.

On December 15, 1989, Eolyn Griffin ("Mrs. Griffin"), Griffin's mother, established the Eolyn Griffin Trust ("Trust"). [Doc. No. 11-2].

During her lifetime, Mrs. Griffin was the sole beneficiary of the Trust. *See* [Doc. No. 11-2, Articles I & XIII].

In 1991, Mrs. Griffin passed away. Upon her death, Griffin and Mrs. Griffin's grandson,

Sylvester Griffin, Jr., became beneficiaries of the Trust. *See* [Doc. No. 11-2, Article III]. The Trust directs the Trustee to provide income to the beneficiaries as well as any amounts deemed necessary for the support, maintenance, and health of the beneficiaries. *See* [Doc. No. 11-2, Article II].

The Trust also purports to delegate to Griffin the right to revoke the Trust and "the same powers available to the Creator enumerated in Article XIII of this trust which can be exercised to the absolute detriment and exclusion of Sylvester Griffin, Jr." *See* [Doc. No. 11-2, Article III]. Article XIII permits the Creator to, in pertinent part, "withdraw property from this trust in any amount and at any time upon giving reasonable notice in writing to the Trustee." *See* [Doc. No. 11-2, Article XIII].

## II. LAW AND ANALYSIS

The Court incorporates by reference the statement of law recited in its previous rulings and briefly reviews the law pertinent to the pending motion.

At issue in this case is whether continuing the Trust without the revocation provision would defeat Mrs. Griffin's purpose in creating the Trust. It is undisputed that the provision of the Trust purporting to delegate the right to revoke is invalid and that the trust fails as a matter of law if the invalid provision cannot be severed without defeating the Trust's purpose. *See* LA. REV. STAT. §§ 9:2045 (1965), 9:2251 (2007).

The Court previously ruled that the revocation provision could not be severed without defeating the purpose of the Trust based on parole evidence that Griffin's mother's overriding purpose in creating the Trust was to vest Griffin with the right to revoke the Trust after her death. [Doc. No. 64]. The Court, therefore, held that the Trust failed as a matter of law.

In the instant Motion, Defendants argue that the overriding purpose of the trust can be

2

maintained if the revocation provision is severed and the Trust is reformed. Griffin does not oppose Defendants' position.

The Court agrees. The Trust purports to delegate the unfettered right to withdraw funds to Griffin and provides for substitute beneficiaries in the event of Griffin's death. The Trust also purports to delegate the right to **revoke** the Trust to Griffin following his mother's death. Griffin testified that his ability to **terminate** the Trust was important to Mrs. Griffin when she created the Trust. "Revocation" and "termination" are terms of art in trust parlance. Termination of the Trust would cause the dispositive provisions of the Trust to achieve their ultimate effect; in this case, the Trust would be distributed in accordance with Article III of the Trust. Revocation, on the other hand, would cause the corpus of the Trust to revert to Mrs. Griffin's estate and be distributed according to the laws of intestacy. However, the terms of the Trust and parole evidence demonstrate unambiguously that this would be contrary to Mrs. Griffin's intent to distribute the corpus of the Trust to a select number of heirs and entities.

The Court is obligated to construe the terms of the Trust in a manner that sustains the effectiveness of the trust instrument whenever possible. *See* LA. REV. STAT. § 9:1753. The Court finds that Mrs. Griffin's intentions to give Griffin broad control over the corpus of the Trust and to provide for Griffin's descendants following his death can still be fulfilled, and the Trust maintained, even if the invalid revocation provision is severed and the discretion of the trustee in Article IIIA of the Trust is removed. If the Trust is so reformed, Griffin will have the ability to withdraw funds from the Trust at his discretion, as Mrs. Griffin intended to delegate to him upon her death. *See* [Doc. No. 11-2, Articles III, XIII]. The principal beneficiary of the Trust will become Sylvester Griffin, Jr., Griffin's son, and Griffin will remain the income beneficiary. In the event of the death

3

of Sylvester Griffin, Jr. prior to the age of forty-four, the Trust sets forth substitute beneficiaries, as Mrs. Griffin intended. *See* [Doc. No. 11-2, Article III].

To effectuate the Court's construction of the Trust, a reformation of the Trust is required. Accordingly, the Trust is hereby REFORMED, and the provision of the Trust delegating the right to revoke the Trust, *see* [Doc. No. 11-2, Article III], and the provision of the Trust granting discretion to the trustee, *see* [Doc. No. 11-2, Article IIIA], are SEVERED.

## III. CONCLUSION

For the foregoing reasons, the Motion for Reconsideration [Doc. No. 129] is GRANTED, and the Court's Ruling and Judgment [Doc. Nos. 64 & 65] are VACATED.

The Trust is hereby REFORMED, and the provision of the Trust delegating the right to revoke the Trust, *see* [Doc. No. 11-2, Article III], and the provision of the Trust granting discretion to the trustee, *see* [Doc. No. 11-2, Article IIIA], are SEVERED.

MONROE, LOUISIANA, this 16 day of March, 2009.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE