
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - MONROE

APR 0 7 2009

TONY R. MOORE, CLERK
BY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| **SYLVESTER GRIFFIN** | **CIVIL ACTION NO. 06-1589** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **JPMORGAN CHASE & CO., ET AL.** | **MAG. JUDGE MARK L. HORNSBY** |

## RULING

Pending before the Court are five motions for summary judgment filed by Defendants Charlotte Ray, Drew C. Detraz, Walter E. Busby, JPMorgan Chase Bank N.A., JP Morgan Chase & Co., and Bank One Trust Co., N.A. [Doc. Nos. 90, 91, 92, 93, & 97].

For the following reasons, the motions for summary judgment are GRANTED, and Plaintiff Sylvester Griffin's ("Griffin") claims are DISMISSED WITH PREJUDICE.

## I. FACTS AND PROCEDURAL HISTORY

This case arises out of a dispute regarding the creation and maintenance of the Eolyn Griffin Trust ("Trust") created by Eolyn Griffin, Griffin's mother.

On December 15, 1989, Griffin and his mother met with Defendant Walter Busby ("Busby"), a lawyer employed in the Trust Department of Central Bank of Monroe, to form a trust. Mrs. Griffin, as creator and settlor, executed a Revocable Trust Agreement that established the Trust and designated Central Bank as Trustee. [Doc. No. 11-2]. Through various mergers and asset transfers, the current Trustee is Defendant JPMorgan Chase Bank, N.A. ("Chase").

In 1991, Griffin's mother passed away. Upon her death, Griffin became the beneficiary of the Trust.

In 2000, Griffin requested a withdrawal of $10,000, which Chase denied. Defendant

Charlotte Ray ("Ray"), the Managing Director and Regional Fiduciary Executive for the South Region of Chase, responded to Griffin's request. She retained outside counsel, Carey Messina ("Messina"), to review the Agreement.

On September 26, 2000, Messina provided an opinion to Ray setting forth a number of defects in the Trust Agreement and a plan for the resolution of the defects. [Doc. No. 90, Exh. A]. A copy was provided to Griffin on September 27, 2000. Griffin took no action.

In January 2006, Griffin requested $18,000, which Chase denied. Defendant Drew C. Detraz ("Detraz"), a fiduciary officer employed by Chase, responded to Griffin's request.

On September 15, 2006, Griffin filed a claim against Defendants in the Fourth Judicial District Court, Parish of Ouachita, State of Louisiana [Doc. No. 1]. Griffin seeks to revoke the Trust and to recover damages he alleges he sustained as a result of Chase's refusal to revoke the Trust. Griffin also alleges various claims against Chase, JP Morgan Chase & Co., Bank One Trust Co., N.A., and Chase's officers.

On the same day, Defendants removed the case to this Court asserting diversity jurisdiction. [Doc. No. 2].

On March 12, 2008, the Court ruled that the provision of the Trust Agreement purporting to delegate the right to revoke to Griffin was invalid. The Court also ruled that the invalid provision could not be severed without defeating Griffin's mother's intent in establishing the Trust. The Court, therefore, held that the Trust failed as a matter of law. [Doc. Nos. 64 & 65].

In October 2008, Defendants filed the pending motions for summary judgment. [Doc. Nos. 90, 91, 92, 93, & 97].

In November 2008, Griffin filed a consolidated memorandum in opposition to the motions

for summary judgment [Doc. No. 107], but did not specifically oppose Detraz's, JPMorgan Chase & Co.'s, or Bank One Trust Co., N.A.'s motions for summary judgment. All Defendants have filed replies. [Doc. Nos. 111 & 114].

On December 11, 2008, the Court held a status conference regarding the motions for summary judgment. [Doc. No. 121]. The parties indicated that they might be able to reach an informal resolution of this case if given additional time to negotiate. In addition, counsel for several Defendants indicated that he intended to re-urge reconsideration of a previous ruling and judgment, which he stated might also assist the parties in their settlement efforts.

On February 13, 2009, several Defendants re-urged reconsideration of the Court's ruling and judgment that the Trust was void and failed as a matter of law. [Doc. No. 129]. Griffin filed a statement of no opposition [Doc. No. 131].

On March 16, 2009, the Court vacated its prior ruling and judgment and held that the Trust was valid, with certain reformations to the Trust Agreement. [Doc. Nos. 132 & 133]. On the same day, the Court instructed Griffin to file, no later than March 27, 2009, (1) a supplemental memorandum in opposition to the motions for summary judgment explaining why his claims were not prescribed, or (2) a motion to dismiss his claims against Defendants. [Doc. No. 134].

Griffin did not file a supplemental memorandum or motion to dismiss.

## II. LAW AND ANALYSIS

All Defendants move for summary judgment on the basis of prescription. In the alternative, several Defendants contend that Griffin's claims fail as a matter of law.

### A. Prescription/Peremption

To determine which prescriptive/peremptive periods apply, the Court must determine what

causes of action Griffin alleges. *See De La Vergne v. De La Vergne*, 99-CA-0364 (La. App. 4 Cir. 11/17/99); 745 So. 2d 1271, 1275 (citing *Starns v. Emmos*, 538 So.2d 275 (La. 1989)). Griffin contends that he alleges the following: (1) against Chase, Griffin seeks to revoke the Trust and alleges a claim for unjust enrichment; and (2) against Busby, Ray, Detraz, Chase, JP Morgan Chase & Co. and Bank One Trust Co., N.A., Griffin alleges claims for fraud and breach of fiduciary duty.

### 1. Revocation

Defendants initially moved for summary judgment, claiming that Griffin's claim prescribed under the Louisiana Trust Code. *See* LA. REV. STAT. § 9:2234 (setting forth prescriptive and peremptive periods for claims against a trustee).

Griffin responded that his action to revoke the Trust is imprescriptible. *See* LA. CIV. CODE arts. 2030, 2032, 2033. Griffin contended that the Trust is an absolute nullity based on the Court's prior ruling that the provision which purported to delegate the right to revoke rendered the Trust void. Griffin, therefore, contended that the prescriptive/peremptive periods set forth in the Trust Code do not apply.

Defendants replied that the Trust is at most a relative nullity because it is susceptible of reformation, and the applicable prescriptive period for annulment of a relatively null contract is five years. *See* LA. CIV. CODE arts. 2031, 2032.

After the parties filed memoranda on this issue, several Defendants filed a motion for reconsideration of the Court's ruling that the Trust was void. Griffin filed a response, stating that he "has no opposition to Defendant's Motion to Vacate this Honorable Court's prior order voiding the trust document therein." [Doc. No. 131]. The Court vacated its prior ruling and held that the Trust was valid, with certain reformations to the Trust Agreement.

4

Through Griffin's arguments, he has characterized his action as an annulment of a contract, the Trust Agreement. Based on Griffin's characterization and the Court's Ruling that the Trust is valid, the Court finds that Griffin's action to revoke the Trust is subject to the five-year prescriptive period for annulment of a relatively null contact. Regardless of whether the claim accrued in 1989, when the Trust was formed, or in 2000, when he was denied a withdrawal and informed that the Trust was defective, the claim is prescribed because he did not file suit until 2006.

Defendants' motion for summary judgment on this claim is GRANTED.

### 2. Claims Against the Trustee and Trust Officers

Griffin alleges claims for unjust enrichment against Chase and claims for fraud and breach of fiduciary duty against Busby, Detraz, Ray, and against Chase, JP Morgan Chase & Co., and Bank One Trust Co., N.A. under the doctrine of *respondeat superior*.

Defendants contend that the two-year and three-year periods of limitation under the Louisiana Trust Code apply, but Griffin responds that these periods apply only to actions by a beneficiary against a trustee, "not [against] trust officers or other employees of the trustee." [Doc. No. 107-2, p. 5]. Griffin instead contends that the prescriptive period for a personal action for breach of fiduciary duty applies to his claims. *See* LA. CIV. CODE art. 3499 (setting forth a ten-year prescriptive period).

Under the Louisiana Trust Code,

> A. An action for damages by a beneficiary against a trustee for any act, omission, or breach of duty shall be brought within two years of the date that the trustee renders, by actual delivery or mail to the beneficiary. . .an accounting for the accounting period in which the alleged act, omission, or breach of duty arising out of the matters disclosed therein occurred. However, such actions shall in all events, even as to actions within two years of disclosure, be filed within three years of the date that the trustee renders an accounting for the accounting period in which the alleged act, omission, or breach of duty occurred. . . .

5

> B. Any action by a beneficiary against a trustee other than those described on Subsection A of this Section is prescribed by two years beginning from the date that the trustee renders his final account to the beneficiary.
>
> C. The provisions of this Section are remedial and apply to all causes of action for damages without regard to the date when the alleged act, omission, or breach of duty occurred. The two-year and three-year periods of limitation provided for in this Section are peremptive periods within the meaning of Civil Code Article 3458, and in accordance with Civil Code Article 3461 may not be renounced, interrupted, or suspended. Notwithstanding the foregoing, a beneficiary shall have one year from July 9, 1999, to bring an action for damages against a trustee arising out of an act, omission, or breach of duty for a transaction disclosed in any prior accounting.
>
> D. Notwithstanding any other provision of law, all actions brought in the state against any trustee, the prescriptive and peremptive period shall be governed exclusively by this Section.

LA. REV. STAT. § 9:2234.

For the reasons that follow, the Court agrees with Defendants that the prescriptive/peremptive periods of Section 9:2234 apply to a cause of action brought by a beneficiary against a trust officer or employee of the trustee. In *Wright v. Larson*, the Louisiana Second Circuit Court of Appeal held that a claim against an officer/employee of the trustee "appear[ed] to fall within the scope of La. R.S. 9:2234(D)" and was, therefore, untimely. 42,101-CA (La. App. 2 Cir. 5/2/07); 956 So. 2d 202, 206. Although the Second Circuit did not explain how a claim against a trust officer by a beneficiary is subject to Section 9:2234, the Court finds its holding applicable to this case under the plain language of the statute.

Further, Griffin's argument that the prescriptive/peremptive periods of the Trust Code do not apply to his claims against the trust officers is inconsistent with his claim that those trust officers owe him fiduciary duties. The only source for the fiduciary duties that Griffin can rely upon is the beneficiary-trustee relationship. It would be anomalous to hold that the trust officers owed him fiduciary duties under the Trust Code while disallowing those officers to claim the benefits of the

6

prescriptive/peremptive periods of the Trust Code.

This Court's holding is, however, qualified by the fact that all Griffin's claims arise out of the beneficiary-trustee relationship. The Court does not offer an opinion as to whether the prescriptive/peremptive periods of the Trust Code would apply to a cause of action brought by a beneficiary against a trustee, trust officer, or employee of a trustee that is independent of the beneficiary-trustee relationship.

Having determined that the prescriptive/peremptive periods of Section 9:2234 apply to Griffin's claims, the Court will now determine whether his claims are prescribed.

### a. Claims Against Busby

Griffin acknowledged in his deposition that he received accountings from Chase on a semi-annual basis following his mother's death in 1991. Griffin concedes that his receipt of the September 27, 2000 letter "was the trigger point for the commencement of prescription to accrue." [Doc. No. 107-2, p. 11]. Griffin, however, waited until 2006 to file suit, and thus his claims for fraud and breach of fiduciary duty are prescribed. Busby's motion for summary is GRANTED.

### b. Claims Against Ray

Griffin contends that Ray wrongfully denied his requests to withdraw funds from the Trust in 2000 and 2006. Griffin argues that Ray, relying on an outside legal opinion, refused to follow the provisions of the Trust that purported to allow him to withdraw funds in order to continue charging administrative fees. Griffin contends that Ray's conduct may be classified as a continuing tortious breach of fiduciary duty that is presently ongoing. Therefore, Griffin contends that prescription has not commenced and will not commence until the last tortious act is committed.

Defendants respond that the prescriptive/peremptive periods began to run in September 2000

when Griffin was made aware of potential defects in the Trust.

The "two-year and three-year periods of limitation provided for in. . .Section [9:2234] are peremptive periods within the meaning of Civil Code Article 3458, and in accordance with Civil Code Article 3461 may not be renounced, interrupted, or suspended." LA. REV. STAT. § 9:2234(C). "Any arguments that the peremptive period was somehow suspended under a continuing tort theory are not persuasive, because, under Louisiana law, 'the principle of continuing torts is a suspensive principle, ineffective against the effects of peremption . . . .'" *Hardy v. Ducote*, 02-1520-A, 2007 U.S. Dist. LEXIS 34028, at *19 (W.D. La. May 4, 2007) ((quoting *Bel v. State Farm Mut. Auto. Ins. Co.*, 2002-1292 (La. App. 1st Cir. 2/14/03); 845 So.2d 377, 382) (holding that the continuing tort doctrine did not apply to the periods of limitation in Louisiana Revised Statute Section 9:5606); *see also* LA. REV. STAT. § 9:2234(D) ("The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.")). Because the continuing tort doctrine is inapplicable, any claim against Ray based on her conduct in 2000 is prescribed. Defendants' motion for summary judgment on this basis is GRANTED.

To the extent that claims based on Ray's conduct in 2006 constitute separate and distinct torts, those claims are not prescribed. The Court thus declines to award Defendants summary judgment on this basis.

### c. Claims against Detraz

Griffin complains of Detraz's actions in 2006. Since Griffin filed suit in 2006, his claims against Detraz are timely. The Court thus declines to award Defendants summary judgment on this

8

basis.

### d. Claims Against Chase

Griffin alleges a claim for unjust enrichment against Chase and claims for fraud and breach of fiduciary duty against Chase under the doctrine of *respondeat superior*. The claims for fraud and breach of fiduciary duty will be addressed *infra* in conjunction with the Court's analysis of the merits of those claims against Ray and Detraz.

For the reasons previously stated, any claim for unjust enrichment against Chase began to accrue at the latest in September 2000 and is, therefore, prescribed because Griffin did not file suit against Chase until 2006.[1] Defendants' motion for summary judgment on this claim is GRANTED.

## B. Merits of the Remaining Claims

### 1. Claims Against Ray

Defendants contend that Griffin failed to allege a claim for breach of fiduciary duty and that he failed to properly allege a claim for fraud against Ray. Defendants also contend that Griffin's claims, even if properly asserted, fail as a matter of law.

In response to Defendants' arguments, Griffin asserts that the "fraud charges are spinoffs of the breach of fiduciary duty claims and are included within them." [Doc. No. 107-2, p. 14]. Griffin also reasserts the basis for his claims against Ray, arguing that she wrongfully denied him the right to withdraw funds from the Trust in order to charge administrative fees.

Defendants first dispute whether Griffin's Complaint includes a breach of fiduciary duty claim against Ray. Griffin does not expressly assert a breach of fiduciary claim against Ray in his Complaint. Although Griffin alleged that "Mr. Detraz referred to Charlotte Ray as an expert,

---

[1]The Court notes that Griffin did not specifically oppose Defendants' motion for summary judgment on this claim.

9

claiming that she was in charge of matters as a 'fiduciary executive,'" this fails to assert a claim for breach of fiduciary duty against Ray. [Doc. No. 1., ¶ XXIII]. The Court agrees with Defendants that Griffin is trying to amend his Complaint through his opposition memorandum in contravention of the Court's previous order denying his motion to amend his complaint to add fiduciary duty claims. *See* [Doc. Nos. 32 & 33]. Defendants' motion for summary judgment on this claim is GRANTED.

With respect to the fraud claim, the relevant conduct is Ray's alleged statement to Detraz in June 2006 "that the account was 'all messed up and can't be withdrawn,'" which was later conveyed to Griffin by Detraz. [Doc. No. 1., ¶ XXIII]. Griffin has failed to adduce evidence showing that this statement was a material misrepresentation made with the intent to deceive. Ray denied Griffin's request to withdraw funds from the Trust in 2006 in reliance on the opinion of an outside attorney that the provisions of the Trust Agreement that purported to allow Griffin to withdraw funds were not properly drafted. Although Griffin disagrees with this legal interpretation, he has not adduced any evidence, other than his own conclusory assertions, that Ray did so with the intent to deceive him.[2] Therefore, the Court finds that Griffin's claim for fraud fails, and Defendants' motion for summary judgment on this claim is GRANTED.

### 2. Claims Against Detraz

Defendants contend that Griffin's claims for fraud and breach of fiduciary duty fail as a matter of law. Griffin did not specifically oppose Defendants' motion for summary judgment on these claims.

Detraz's involvement in this dispute is limited to his communications with Griffin in 2006

---

[2] The Court notes that Griffin did not cite the Court to any evidence in support of this claim. It is not the duty of this court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

in response to Griffin's request to withdraw funds. Griffin alleges that his communications with Detraz were "opaque and confusing." [Doc. No. 1., ¶ XXI]. Detraz initially asked Griffin to provide financial information, but Griffin failed to provide all the necessary information. Detraz later told Griffin that the Trust was "not worded in such a way that you could draw money out of it." [Doc. No. 1., ¶ XXIII]. Detraz also told Griffin that "the right to revoke can't be delegated by Louisiana law." [Doc. No. 1., ¶ XXIII]. Finally, "[i]n early June, [sic] 2006, Detraz twice promised [Griffin] he would mail [Griffin] a copy of the agreement governing the monies, but...failed to do so." [Doc. No. 1., ¶ XXVI].

Griffin has presented no evidence or argument, express or implicit, showing that Detraz made a material misrepresentation with the intent to deceive that Griffin detrimentally relied on. Detraz initially asked Griffin to provide financial information to demonstrate "need" in accordance with the spendthrift provisions of the Trust Agreement. Detraz's later communications regarding the defects in the Trust Agreement are not material misrepresentations, for the reasons stated previously and for the conclusions of law reached in the Court's previous rulings. Finally, Griffin cannot assert that he detrimentally relied on Detraz's failure to send him a copy of the Trust Agreement because Griffin admitted in his deposition that he already had a copy in his possession. Defendants' motion for summary judgment on this claim is GRANTED.

With respect to the breach of fiduciary duty claim, Griffin has not provided the Court with any express argument or evidence. In his Complaint, Griffin alleges only that Detraz failed to mail him a copy of the Trust agreement "in defeasance of every duty of [a] fiduciary." [Doc. No. 1, ¶ XXVI]. Assuming *arguendo* that Detraz breached a fiduciary duty, *see* LA. REV. STAT. § 9:2089 (duty to furnish information), Griffin's claim nonetheless fails because he has not alleged how he

has been damaged. Griffin has not shown that he is entitled to restitution. *Cf.* LA. REV. STAT. § 9:2201 ("If a trustee commits a breach of trust he shall be chargeable with: (1) A loss or depreciation in value of the trust estate resulting from a breach of trust; or (2) A profit made by him through breach of trust; or (3) A profit that would have accrued to the trust estate if there had been no breach of trust."). Defendants' motion for summary judgment on this claim is GRANTED.

### 3. Claims Against Chase, JP Morgan Chase & Co. and Bank One Trust Co., N.A.

Griffin alleges claims for fraud and breach of fiduciary duty against Chase, JP Morgan Chase & Co. and Bank One Trust Co., N.A. under the doctrine of *respondeat superior*. [Doc. No. 1, ¶¶ I, II]. Because the Court finds that Griffin's claims against the agents of Chase, JP Morgan Chase & Co. and Bank One Trust Co., N.A. fail, so too do the claims against them under *respondeat superior*. Defendants' motion for summary judgment on these claims is GRANTED.

## III. CONCLUSION

For the foregoing reasons, the motions for summary judgment filed by Defendants [Doc. Nos. 90, 91, 92, 93, & 97] are GRANTED, and Griffin's claims are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA, this ___6___ day of April, 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE